UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 04-B-28747 |
| UNIVERSAL ACCESS GLOBAL ) | Jointly Administered |
| HOLDINGS INC., et al., ) | Chapter 11 |
| ) | Honorable Jack B. Schmetterer |
| Debtors. ) | |
| ) | |
| ) | |

### AGREED ORDER RESOLVING THE DEBTORS' OBJECTION TO THE CLAIM OF UNIVERSAL SERVICE ADMINISTRATIVE CORPORATION
(8th Omnibus Objection to Claims)

Upon consideration of the Debtor's Eighth Omnibus Objection To Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3001 and 3007 (Satisfied Claims) (the "Eighth Omnibus Objection") and the Motion to Approve Settlement with the Universal Service Administrative Company ("USAC"), both filed by Universal Access Global Holdings Inc. and four of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned case (collectively, the "Debtors")[1], and it being found that this Court has jurisdiction; and it appearing that good and sufficient notice of the Eighth Omnibus Objection and the Motion to Approve Settlement having been given to USAC and no further notice of the entry of this Order need be provided to USAC; and upon the entire record herein and the agreement of the parties; and the Court having considered the Eighth Omnibus Objection and the Motion to Approve Settlement; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

FOUND THAT:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Approve Settlement.

A.  The Eight Omnibus Objection and the Motion to Approve Settlement are core proceedings under 28 U.S.C. § 157(b)(2);

B.  USAC filed three proofs of claim in the bankruptcy case of Universal Access, Inc., Claim Number B073, or the USAC Administrative Claim, and Claim Number B0124 (which amended Claim Number B013), or the USAC General Unsecured Claim;

C.  The Debtors objected to the USAC Administrative Claim on the grounds that it did not account for payments made post-petition, and to the USAC General Unsecured Claim on the grounds that it was contingent and unliquidated to the extent that it attempted to preserve USAC's rights to assert additional amounts as due for the pre-petition period; and

D.  USAC and the Debtors have agreed to the settlement herein implemented, which is within the range of reasonableness and is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

IT IS THEREFORE:

1.  ORDERED that Claim Number B124 is hereby allowed as a general unsecured claim in the amount of $671,518.36 in full and final satisfaction of all claims held by USAC against any and all of the Debtors and Debtors-in Possession for the pre-Petition Date period, and shall be paid in accordance with any chapter 11 plan confirmed in these cases. The Debtors waive any right that they may have to file an amended Form 499 for the pre-Petition Date period;

2.  ORDERED that Claim Number B013 is disallowed and expunged as duplicative of Claim Number B124;

3.  ORDERED that Claim Number B073 is hereby allowed as an administrative claim in the amount of $30,679.36, and shall be paid in accordance with any chapter 11 plan confirmed in these cases. To the extent the Debtors' estates file a USF contribution report that gives rise to a reconciliation and true-up for calendar year 2005 USF obligations, USAC shall

file with this Court a reconciliation of such amounts on or before August 15, 2006 and will serve a copy of such reconciliation upon the Plan Administrator (as defined in any plan of reorganization confirmed by this Court in these cases) and its counsel. If the Debtors do not timely file the contribution report that triggers the 2005 true-up, then USAC shall have additional time (equal to the amount of delay in the Debtors' filing of such report) to file and serve its reconciliation. Should any refund be due to the Debtors' estates as a result of such true-up, USAC shall remit such funds to the Plan Administrator contemporaneously with the delivery of the reconciliation provided for in this paragraph 3. Conversely, should any amounts be due to USAC by the Debtors' estates as a result of such true-up, the Plan Administrator shall remit such funds to USAC consistent with its obligations under any plan of reorganization confirmed by the Court; and

4. ORDERED that this Court shall retain jurisdiction over the Debtors and USAC with respect to any matters related to or arising from the implementation of this Order.

Dated: January 24th, 2006

_____
The Honorable Jack B. Schmetterer

Agreed to by:

Universal Service Administrative Company

By: _____
Its: Acting General Counsel

3

CH1:225776.3