**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | (Substantively Consolidated) |
| **UAI, INC., f/k/a UNIVERSAL ACCESS** | ) | |
| **INC.**, *et al.*, | ) | Case No. 04 B 28747 |
| | ) | |
| **Debtor.** | ) | Hon. Jack B. Schmetterer |
| | ) | |

**NOTICE OF FILING**

To all parties on the attached service list:

PLEASE TAKE NOTICE THAT on April 11, 2006, Winston & Strawn LLP, counsel to the Official Committee of Unsecured Creditors of Universal Access Global Holdings Inc., et al., filed with the United States Bankruptcy Court, Everett McKinley Dirksen Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, the **Final Application of Weiser, LLP, Financial Advisor to the Official Committee of Unsecured Creditors of Universal Access Global Holdings, Inc., et al., For Final Allowance of Compensation and Reimbursement of Expenses Under 11 U.S.C. §§ 330 and 331 for the Period From August 2004 through January 31, 2006**, a true and complete copy of which is hereby attached hereto and is hereby served upon you.

Dated: Chicago, Illinois
April 11, 2006

                                            Respectfully submitted,

                                            THE OFFICIAL COMMITTEE OF UNSECURED
                                            CREDITORS OF UNIVERSAL ACCESS
                                            GLOBAL HOLDINGS INC., et al.

                                            By:  /s/ Stacy J. Flanigan
                                                One of its attorneys

                                            David W. Wirt (ARDC # 6208226)
                                            Daniel J. McGuire (ARDC # 6239526)
                                              Stacy J. Flanigan (ARDC # 6277752)
                                            **WINSTON & STRAWN LLP**
                                            35 West Wacker Drive
                                            Chicago, Illinois 60601
                                            Telephone:  (312) 558-5600
                                            Facsimile:  (312) 558-5700

**CHI:1409031.1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | (Substantively Consolidated) |
| **UAI, INC., f/k/a UNIVERSAL ACCESS INC.,** *et al.*, | ) ) | Case No. 04 B 28747 |
| | ) | |
| **Debtor.** | ) | Hon. Jack B. Schmetterer |
| | ) | |

**FINAL APPLICATION OF WEISER LLP, FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
UNIVERSAL ACCESS GLOBAL HOLDINGS INC., ET AL.,
FOR FINAL ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES UNDER 11 U.S.C. §§ 330 AND 331
FOR THE PERIOD FROM AUGUST 2004 THROUGH JANUARY 31, 2006**

Weiser, LLP ("Weiser"), financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of Universal Access Global Holdings, Inc. and certain of its domestic subsidiaries and affiliates (collectively, the "Debtors" or "Universal"), files this application (the "Final Application") seeking final allowance and payment, pursuant to, inter alia, 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), and the Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered by this Court on August 20, 2004 (the "Interim Compensation Order"), of compensation totaling $396,513.50 and expenses totaling $3,136.41 for professional services rendered and expenses incurred on behalf of the Committee for the period from August 2004 through January 31, 2006 (the "Final Period"). In support of the Final Application, Weiser respectfully represents as follows:

## JURISDICTION

1. On August 4, 2004 (the "Petition Date"), the Debtors each filed a voluntary petition for reorganization relief with this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"). The Court, on August 13, 2004, entered an order for the joint administration of these cases.

2. This Court has jurisdiction over this Final Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 5082-1.

## BACKGROUND

4. On August 11, 2004, the United States Trustee for the Northern District of Illinois held an organizational meeting of the Debtors' largest unsecured creditors at which the United States Trustee appointed the Committee.

5. On August 16, 2004, the Committee selected Weiser as its financial advisor.

6. This Court entered an order on August 27, 2004 approving the retention and employment of Weiser as the Committee's financial advisor in these cases, effective as of August 11, 2004 (the "Retention Order"), a copy of which is attached hereto as Exhibit A.

## RELIEF REQUESTED

7. Pursuant to the Interim Compensation Order, the Debtors were authorized to pay certain professionals, including Weiser, 80% of fees and 100% of disbursements on a monthly basis. As of the date of this Final Application, Weiser is owed $21,877.26 for

2

professional fees and expenses from approved but unpaid holdbacks from the 3rd quarterly fee application through September 2005 and for fees and expenses incurred after that date through January 2006.  Accordingly, Weiser respectfully requests that this Court enter an order directing the Debtor to pay Weiser the aggregate sum of $21,877.26 requested in this Final Application.

| | Exhibit | Date Filed | Period Covered | Requested Fees | Requested Expenses | Holdback | Allowed Payable | Interim Paid | Holdback Paid | Outstanding |
|---|---|---|---|---|---|---|---|---|---|---|
| First Quarterly Fee Application | | | | | | | | | | |
| 1st | B | 9/30/2004 | Aug-04 | $16,812.50 | $14.16 | $3,362.50 | $13,464.16 | $13,464.16 | $3,362.50 | $0.00 |
| 2nd | C | 10/29/2004 | Sep-04 | $34,462.50 | $1,023.61 | $6,892.50 | $28,593.61 | $28,593.61 | $6,892.50 | $0.00 |
| 3rd | D | 11/24/2004 | Oct-04 | $15,136.00 | $20.06 | $3,027.20 | $12,128.86 | $12,128.86 | $3,027.20 | $0.00 |
| 4th | E | 12/27/2004 | Nov-04 | $22,836.50 | $700.45 | $4,567.30 | $18,969.65 | $18,969.65 | $4,567.30 | $0.00 |
| 5th | F | 1/27/2005 | Dec-04 | $23,398.50 | $13.57 | $4,679.70 | $18,732.37 | $18,732.37 | $4,679.70 | $0.00 |
| Total First Quarterly Fee Application | | | | $112,646.00 | $1,771.85 | $22,529.20 | $91,888.65 | $91,888.65 | $22,529.20 | $0.00 |
| | | | | | | | | | | |
| Second Quarterly Fee Application | | | | | | | | | | |
| 6th | G | 3/3/2005 | Jan-05 | $15,625.50 | $28.68 | $3,125.10 | $12,529.08 | $12,529.08 | $3,125.10 | $0.00 |
| 7th | H | 3/16/2005 | Feb-05 | $22,950.50 | $0.00 | $4,590.10 | $18,360.40 | $18,360.40 | $4,590.10 | $0.00 |
| 8th | I | 4/23/2005 | Mar-05 | $62,680.00 | $28.57 | $12,536.00 | $50,172.57 | $50,172.57 | $12,536.00 | $0.00 |
| 9th | J | 6/4/2005 | Apr-05 | $39,751.50 | $13.67 | $7,950.30 | $31,814.87 | $31,814.87 | $7,950.30 | $0.00 |
| Total Second Quarterly Fee Application | | | | $141,007.50 | $70.92 | $28,201.50 | $112,876.92 | $112,876.92 | $28,201.50 | $0.00 |
| | | | | | | | | | | |
| Third Quarterly Fee Application | | | | | | | | | | |
| 10th | K | 7/25/2005 | May-05 | $28,858.00 | $747.72 | $5,771.60 | $23,834.12 | $23,834.12 | $5,771.60 | $0.00 |
| 11th | L | 7/25/2005 | Jun-05 | $35,090.00 | $0.00 | $7,018.00 | $28,072.00 | $28,072.00 | $7,018.00 | $0.00 |
| 12th | M | 10/25/2005 | Jul-05 | $46,280.00 | $0.00 | $9,256.00 | $37,024.00 | $37,024.00 | $8,231.52 | $1,024.48 |
| 13th | N | 10/25/2005 | Aug-05 | $12,749.50 | $15.32 | $2,549.90 | $10,214.92 | $10,214.92 | | $2,549.90 |
| 14th | O | 10/25/2005 | Sep-05 | $1,190.00 | $0.00 | $238.00 | $952.00 | $952.00 | | $238.00 |
| Total Third Quarterly Fee Application | | | | $124,167.50 | $763.04 | $24,833.50 | $100,097.04 | $100,097.04 | $21,021.12 | $3,812.38 |
| | | | | | | | | | | |
| Fourth Period | | | | | | | | | | |
| 15th | P | 11/29/2005 | Oct-05 | $14,020.00 | $461.35 | $2,804.00 | $11,677.35 | | $0.00 | $14,481.35 |
| 16th | Q | 12/29/2005 | Nov-05 | $1,415.00 | $26.22 | $283.00 | $1,158.22 | $1,158.22 | | $283.00 |
| 17th | R | | Dec-05 | $665.00 | $23.60 | $133.00 | $555.60 | | | $688.60 |
| 18th | S | * | Jan-06 | $2,592.50 | $19.43 | $519.00 | $2,092.93 | | | $2,611.93 |
| Total Fourth Period | | | | $18,692.50 | $530.60 | $3,739.00 | $15,484.10 | $1,158.22 | | $18,064.88 |
| * includes actual final fee application preparation time incurred after Jan 2006. | | | | | | | | | | |
| Total from Case Inception | | | | $396,513.50 | $3,136.41 | $79,303.20 | $320,346.71 | $306,020.83 | $71,751.82 | $21,877.26 |

3

CHI:1616610.1

BASIS FOR RELIEF

8.    The Committee required the assistance and advice of a financial advisor in order to investigate the financial affairs of the Debtors and perform its duties under section 1103(c) of the Bankruptcy Code.

9.    Six Weiser personnel—two partners, three professionals and one support staff member--participated in the Debtors' cases during the Final Period, billing a total of 1,157.30 hours and $396,513.50 in fees. A summary of participating Weiser professionals appears below:

| Name | Experience (Years) | Rate/Hour | Hours | Total |
|---|---|---|---|---|
| James Horgan, Partner, CPA | 18 | $375 | 409.8 | $153,675.00 |
|   Certified Insolvency and Restructuring Advisor, Certified Turnaround Professional | | | | |
|   Certified Distressed Business Valuation Advisor, Certified Valuation Analyst | | | | |
| PJ Louis, Director - Telecommunications | 20 | $340 | 683.9 | 232,526.00 |
| Anthony Gehringer, Senior Manager | 20 | $250 | 22.9 | 5,725.00 |
| Larry Schoenthal, CPA - Tax Director | 27 | $300 | 6.5 | 1,950.00 |
| Joseph Unger, Partner, CPA | 25 | $375 | 0.7 | 262.50 |
| Coleen Reinknecht, Administration | 24 | $70 | 33.5 | 2,375.00 |
| Total | | | 1,157.3 | $396,513.50 |
| Blended | | | | $342.62 |

10.    For the Final Period, the blended rate for the Weiser professionals was $342.62.

4

11. The following is a summary of Weiser's requested fees by fee category:

| Compensation by Project Category | | |
|---|---|---|
| Project Category | Hours | Total |
| Asset Analysis and Recovery | 1.3 | $452.50 |
| Business Analysis | 436.8 | $151,277.00 |
| Business Operations | 7.0 | $2,527.00 |
| Case Administration | 6.9 | $2,580.50 |
| Claims Administration and Objections | 17.4 | $6,042.00 |
| Committee Meetings | 69.0 | $24,884.50 |
| Communication with Creditors Committee | 126.3 | $44,055.00 |
| Corporate Finance | 329.2 | $115,990.50 |
| Employee Benefits/Pension | 61.3 | $21,512.00 |
| Fee/Employment Applications | 75.0 | $17,930.50 |
| Tax Issues | 11.5 | $3,825.00 |
| Plan and Disclosure Statement | 15.6 | $5,437.00 |
| Total | 1,157.3 | $396,513.50 |

12. During the Final Period, Weiser performed the following services for the Committee under the following categories:

A. <u>Business Analysis</u>

13. Weiser monitored the Company's financials and operations, including, reviewing monthly financial statements, operations, and management reports and meeting with the Debtors' management and financial advisors to discuss same. Weiser reported these findings to Committee counsel and members of the Committee.

14. In addition, Weiser reviewed Debtors' cash flow projections and assumptions, including reviewing weekly cash flow projections prepared by the Debtors and their financial advisors, reviewing information supporting projections, discussing same with the Debtors' management and their financial advisors and communicating findings to the Committee.

15. Weiser assessed the Company's plan to sell the business in Chapter 11 versus the option of continuing to operate the business towards a Chapter 11 plan of

5

reorganization. Weiser met with members of management and the Company's advisors and communicated findings to the Committee.

16. Further, Weiser personnel reviewed major proposed changes in post-petition business dealings as identified by Debtors' management and financial advisors and provided findings and recommendations to Committee counsel.

17. Finally, Weiser assessed the impact Debtors' operations before the closing of the sale to Vanco and discussed ways to maintain and monitor Debtors' good operating performance.

B. <u>Claims Administration and Objection</u>

18. Additionally, Weiser personnel reviewed Debtors' financial advisor's claims analysis and discussed internally and with the Committee major differences between claims register and Debtors' scheduled claims.

19. Weiser also reviewed and investigated potential contract cure costs upon contract assumption and discussed business rationale for contract assumption. Further, Weiser prepared financial analysis to justify contract cure costs.

C. <u>Committee Meetings</u>

20. In addition to the duties described above, Weiser personnel were present for in-person and telephonic Committee meetings at which Weiser personnel discussed with Committee members the weekly financial update reports on the Debtor's operations and cash balance prepared by Weiser personnel.

D. <u>Communication with Creditors Committee</u>

21. In addition to participating at Committee meetings, Weiser personnel also prepared other reports and e-mails to Committee members and Committee counsel, Winston &

6

Strawn LLP ("Winston"), as well as having numerous telephone conversations and correspondence with members of the Committee and Winston.

E.   Corporate Finance

22.   Weiser personnel also conducted an evaluation of potential outcomes to the Debtors' creditors in a sale of substantially all of the Debtors' assets, including an evaluation of the quality and sufficiency of information about the Debtors being made available to potential buyers. Weiser personnel also had extensive discussions with the Debtors' management, financial advisor and investment banker regarding the proposed sale process and buyer interest for the Debtors' assets. Subject to certain confidentiality restrictions, Weiser personnel reported to the Committee on the status and progress of the Debtors' efforts to sell their assets.

23.   Additionally, Weiser reviewed and analyzed the stalking horse offer and advised the Committee and Winston of any noted issues. In connection therewith, Weiser prepared estimated cash proceeds to the Debtors' estate from the stalking horse offer on the sale of business, worked with the Debtors and their financial advisor and the Committee and Winston to obtain supporting schedules and to provide advice on revisions to schedules. During this process, Weiser shared work product with Debtors' counsel, management and their financial advisors to enable all parties to evaluate other offers. Weiser also reviewed the 20/20 competing bid.

24.   Furthermore, Weiser evaluated and investigated the proposed asset purchase agreement and developed strategies in connection therewith.

25.   Weiser personnel contacted other strategic telecommunications and financial buyers regarding the Debtors' assets directing these parties to contact the Company's

7

investment bankers. Additionally, Weiser continued discussions with Debtors' investment banker regarding buyer interest and issues raised during buyers' due-diligence.

26. Weiser attended the auction and assisted Committee counsel in discussions with bidders concerning economic terms of their bids.

27. Also, Weiser evaluated and investigated potential purchase price adjustments in the Vanco asset purchase agreement and quantified the potential financial impact and assessed probably of occurrence. Weiser also developed strategies to reduce potential purchase price adjustments and discussed same with Winston, Debtors and their advisors. Post-closing of the sale, Weiser reviewed the actual purchase price adjustment schedules, reviewed detail support for certain schedules and met with Vanco personnel and the Company's financial advisor regarding several areas problematic areas.

F.   Employee Benefits/Pension

28. Weiser personnel monitored the Debtors' operating performance versus their targets for bonuses set in the Key Employee Retention Program. Also, Weiser reviewed calculations for bonus and sale payouts and discussed these with Winston.

F.   Tax Issues

29. Weiser worked with the Debtors' management, their advisors and Winston to research the availability of Net Operating Loss carryforwards to offset potential taxable gains generated by the sale of the Debtors' assets.

G.   Plan of Reorganization

30. Finally, Weiser personnel reviewed the proposed Plan of Liquidation and discussed various related issues with Winston.

31. A detailed description of the professional services rendered by Weiser are attached hereto as Exhibits B-S.

8

CHI:1616610.1

32. As authorized in the Retention Order and in accordance with the Interim Compensation Order, Weiser also charged the Committee for actual and necessary expenses and disbursements incurred in the rendering of its professional services. The expenses and disbursements for which Weiser seeks allowance are those customarily charged to non-bankruptcy clients of Weiser. The expenses and disbursements reflect the actual cost to Weiser, and do not constitute "overhead." The expenses and disbursements for which allowance is sought are summarized as follows:

A detailed description of the expenses and disbursements for which allowance is sought is included in the invoices attached hereto as Exhibits B-S.

| Expense Summary | |
| --- | ---: |
| Expense Category | Amount |
| Transportation | $2,344.54 |
| Room | $451.83 |
| Meals | $110.57 |
| Other | $229.47 |
| | |
| Total | $3,136.41 |

C. Reasonableness of Fees, Charges and Disbursements

33. In accordance with the factors enumerated in 11 U.S.C. § 330, the amounts requested for compensation and expense reimbursement are fair and reasonable given (a) the complexity of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of Weiser's services; and (e) the costs of comparable services other than in a case under this title.

9

34. Weiser has made every effort to minimize its costs while providing the highest quality of financial advisory services to the Committee. Reference is made to the invoices attached as <u>Exhibits</u> <u>B-S</u>, which provide more detailed information regarding Weiser's staffing and fees.

35. The reimbursement of expenses requested by Weiser is for expenses normally billed to Weiser's clients in other matters, including other bankruptcy cases. None of these expense items consist of overhead expenses of Weiser; these items are not included in Weiser's hourly rates.

WHEREFORE, Weiser requests that the Court enter an order allowing, on an interim basis, the compensation and reimbursement outlined in the Final Application.

Dated: April 10, 2006  WEISER, LLP
       Chicago, Illinois

    By:   /s/ *James Horgan*
    James Horgan
    **WEISER, LLP**
    135 West 50th Street
    New York, New York 10020
    Phone: (212) 375-6873
    Fax: (212) 375-6888

    FINANCIAL ADVISOR TO THE OFFICIAL
    COMMITTEE OF UNSECURED CREDITORS
    OF UNIVERSAL ACCESS GLOBAL HOLDINGS
    INC., et al.