# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | (Substantively Consolidated) |
| **UAI, INC., f/k/a UNIVERSAL ACCESS** | ) | |
| **INC.,** *et al.*, | ) | Case No. 04 B 28747 |
| | ) | |
| **Debtor.** | ) | Hon. Jack B. Schmetterer |
| | ) | |

## NOTICE OF FILING

To all parties on the attached service list:

PLEASE TAKE NOTICE THAT on April 11, 2006, Winston & Strawn LLP, counsel to the Official Committee of Unsecured Creditors of Universal Access Global Holdings Inc., et al., filed with the United States Bankruptcy Court, Everett McKinley Dirksen Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, the **Final Application of Winston & Strawn LLP For Allowance of Compensation and Reimbursement of Expenses Under 11 U.S.C. §§ 330 and 331**, a true and complete copy of which is hereby attached hereto and is hereby served upon you.

Dated: Chicago, Illinois
      April 11, 2006

                                            Respectfully submitted,

                                            THE OFFICIAL COMMITTEE OF UNSECURED
                                            CREDITORS OF UNIVERSAL ACCESS
                                            GLOBAL HOLDINGS INC., et al.

                                            By:   /s/ Stacy J. Flanigan
                                                One of its attorneys

                                            David W. Wirt (ARDC # 6208226)
                                            Daniel J. McGuire (ARDC # 6239526)
                                              Stacy J. Flanigan (ARDC # 6277752)
                                              **WINSTON & STRAWN LLP**
                                              35 West Wacker Drive
                                              Chicago, Illinois 60601
                                              Telephone: (312) 558-5600
                                              Facsimile: (312) 558-5700

**CHI:1409031.1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | (Substantively Consolidated) |
| **UAI, INC., f/k/a UNIVERSAL ACCESS** | ) | |
| **INC.**, *et al*., | ) | Case No. 04 B 28747 |
| | ) | |
| **Debtor.** | ) | Hon. Jack B. Schmetterer |
| | ) | |

**FINAL FEE APPLICATION OF WINSTON & STRAWN LLP
FOR ALLOWANCE OF COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES UNDER 11 U.S.C. §§ 330 AND 331</u>**

Winston & Strawn LLP ("<u>Winston</u>"), counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Universal Access Global Holdings, Inc. and certain of its domestic subsidiaries and affiliates (collectively, the "<u>Debtors</u>" or "<u>Universal</u>"), files this application (the "<u>Final Application</u>") seeking final allowance and payment, pursuant to, <u>inter alia</u>, 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 5082-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Northern District of Illinois (the "<u>Local Rules</u>"), and the Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered by this Court on August 20, 2004 (the "<u>Interim Compensation Order</u>")[1], of compensation totaling $1,036,092.75 and expenses totaling $15,571.79 for legal services rendered and expenses incurred on behalf of the Committee for the period from August 4, 2004 through February 11, 2006 (the "<u>Final Application Period</u>"). In support of the Final Application, Winston respectfully represents as follows:

---

[1] Attached hereto as <u>Exhibit</u> <u>A</u>.

## JURISDICTION

1. On August 4, 2004 (the "Petition Date"), the Debtors each filed a voluntary petition for relief with this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"). On August 13, 2004, the Court entered an order for the joint administration of these cases.

2. This Court has jurisdiction over this Final Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 5082-1.

## BACKGROUND

4. On August 11, 2004, the United States Trustee for the Northern District of Illinois held an organizational meeting of the Debtors' largest unsecured creditors at which the United States Trustee appointed the Committee.

5. On August 11, 2004, the Committee selected Winston as its counsel.

6. This Court entered an order on August 27, 2004 approving the retention and employment of Winston as the Committee's counsel in these cases, effective as of August 11, 2004 (the "Retention Order"). A copy of the Retention Order is attached hereto as Exhibit B.

7. Winston is a large international law firm with over 850 attorneys in Chicago, New York, Washington D.C., Los Angeles, San Francisco, London, Paris, and Geneva. Winston is a full-service law firm with specialties including insolvency and bankruptcy.

2

8. Pursuant to the Interim Compensation Order, the Debtors were authorized to pay certain professionals, including Winston, 80% of fees and 100% of disbursements on a monthly basis.

9. The Order confirming the Second Amended Liquidating Chapter 11 Plan Jointly Proposed by Universal Access Global Holdings Inc., Universal Access, Inc., Universal Access of Virginia, Inc., Universal Access Communications Inc. and Tri-Quad Enterprises, Inc., Debtors-In-Possession, and by the Official Committee of Unsecured Creditors (the "Plan") was entered on November 29, 2005. The Plan became effective on February 11, 2006 (the "Effective Date").

10. W&S filed its First Interim Application of Winston & Strawn LLP, Counsel to the Official Committee of Unsecured Creditors of Universal Access Global Holdings Inc., et al., For Interim Allowance of Compensation and Reimbursement of Expenses Under 11 U.S.C. §§ 330 and 331 For the Period From August 4, 2004 Through December 31, 2004 on January 31, 2005 (Docket No. 461) (the "First Interim Application"), which sought allowance and payment of compensation totaling $328,459.75 and expenses totaling $8,710.09 for legal services rendered on behalf of the Debtor for the period from the Petition Date through December 31, 2004. A copy of the First Interim Application is attached to this Final Application as Exhibit C.

11. W&S filed its Second Interim Application of Winston & Strawn LLP, Counsel to the Official Committee of Unsecured Creditors of Universal Access Global Holdings Inc., et al., For Interim Allowance of Compensation and Reimbursement of Expenses Under 11 U.S.C. §§ 330 and 331 For the Period From January 1, 2005 Through April 30, 2005 on June 13, 2005 (Docket No. 679) (the "Second Interim Application"), which sought allowance and

payment of compensation totaling $295,233.00 and expenses totaling $1,352.87 for legal services rendered on behalf of the Debtor for the period from the January 1, 2005 through April 30, 2005. A copy of the Second Interim Application is attached to this Final Application as Exhibit D.

12. W&S filed its Third Interim Application of Winston & Strawn LLP, Counsel to the Official Committee of Unsecured Creditors of Universal Access Global Holdings Inc., et al., For Interim Allowance of Compensation and Reimbursement of Expenses Under 11 U.S.C. §§ 330 and 331 For the Period From May 1, 2005 Through September 30, 2005 on October 28, 2005 (Docket No. 949) (the "Third Interim Application"), which sought allowance and payment of compensation totaling $287,510.00 and expenses totaling $3,481.48 for legal services rendered on behalf of the Debtor for the period from the May 1, 2005 through September 30, 2005. A copy of the Third Interim Application is attached to this Final Application as Exhibit E.

13. W&S submitted monthly invoices (copies of which are attached to this Final Application as Exhibit F) covering the period from October 1, 2005 through January 31, 2006 requesting $114,340.00 for professional fees and $1,923.27 for disbursements. W&S has not previously submitted a monthly invoice covering the period from February 1, 2006 through the Effective Date (copies of which are attached hereto as Exhibit G) for the $10,550.00 for professional fees and $104.08 for disbursements. Included in the invoices attached as Exhibit G is the invoice for fees for the time spent preparing this Final Application. The total request for the period from October 1, 2005 through the Effective Date (plus additional time expended preparing the Final Application) is $124,890.00 for professional fees and $2,027.35 for disbursements.

4

14. W&S has received payments to date under the Administrative Order of $948,323.12 in fees and $14,927.14 in reimbursement of expenses. Thus, should the Court approve this Final Application, W&S will receive and additional $87,769.63 in fees and $644.65 in reimbursement of expenses.

      A.     Services Provided During the Final Application Period

15. The Committee required the assistance and the advice of counsel in all aspect of the Debtors' chapter 11 cases. Accordingly, attorneys and paraprofessionals billed a total of 2,733.00 hours and $1,036,092.75 in fees from the Petition Date through the Effective Date. A summary of the participating attorneys and paraprofessionals appears below:

| *Attorney* | *Year Admitted To Practice* | *Position* | *Hours* | *Hourly Rate*[2] | *Amount* |
|---|---|---|---|---|---|
| Richard M. Adler | 1984 | Partner | 700.50 | $415.00-$445.00 | $305,818.50 |
| Hill Blackett, III | 1977 | Partner | 1.20 | $440.00 | $528.00 |
| Robert A. Julian | 1979 | Partner | 9.60 | $520.00 | $4,992.00 |
| Roger S. Lucas | 1992 | Partner | 1.00 | $400.00 | $400.00 |
| Keith A. McDaniels | 1996 | Partner | 17.70 | $380.00 | $6,726.00 |
| Daniel J. McGuire | 1995 | Partner | 260.20 | $350.00 | $103,685.00 |
| David Neier | 1984 | Partner | 12.00 | $350.00-$420.00 | $5,040.00 |
| Dick M. Okada | 1991 | Partner | 0.50 | $455.00 | $227.50 |
| Eric E. Sagerman | 1991 | Partner | 6.80 | $495.00-$550.00 | $3,546.50 |
| David W. Wirt | 1991 | Partner | 914.70 | $400.00 | $365,880.00 |
| T.Scott Bucey | 1985 | Associate | 1.40 | $365.00 | $511.00 |
| Mindy D. Cohn | 2000 | Associate | 11.60 | $365.00 | $4,234.00 |
| Michael W. Jones | 1999 | Associate | 569.60 | $285.00-$335.00 | $174,596.30 |
| Stacy J. Flanigan | 2002 | Associate | 189.8 | $275.00-$325.00 | $53,625.00 |
| Ann E. Butler | | Paralegal | 1.00 | $165.00 | $165.00 |
| Mary G. Byrne | | Paralegal | 7.90 | $120.00-$140.00 | $948.00 |
| Ted H. Sien | | Paralegal | 0.30 | $190.00 | $57.00 |
| Paige D. Stepan | | Paralegal | 27.20 | $175.00-$210.00 | $5,113.00 |

---

[2]     The "Hourly Rate" represents the normal hourly rate charged for the attorney's or paraprofessional's service.

5

CHI:1700971.2

16. For the Final Application Period, the blended rate for attorneys was $381.89, and the blended rate for paraprofessionals was $172.61.

17. During the Final Application Period, W&S attorneys counseled the Committee in a wide range of matters, as discussed in greater detail below. The following is a summary of W&S's requested fee category during the Final Application Period[3]:

| Fee Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 73.20 | $26,661.00 |
| Plan of Reorganization | 264.10 | $109,414.50 |
| Disclosure Statement | 46.40 | $18,757.50 |
| Avoidance Power Work/Other Litigation | 257.70 | $97,817.00 |
| Review Financial Information | 56.90 | $21,738.00 |
| Investigatory Work | 5.50 | $2,036.00 |
| D-I-P Financing | 10.60 | $4,232.50 |
| Committee Meetings | 397.00 | $143,197.75 |
| Communication w/ Creditor's Committee and Creditors | 190.50 | $73,631.50 |
| Lease and Real Estate Analysis | 24.80 | $9,141.50 |
| Preparation of Employment/Allowance Applications | 224.20 | $67,360.50 |
| Acquisition/Divestiture/Asset Disposition | 645.10 | $257,512.50 |
| Claims Administration and Objections | 258.50 | $98,106.00 |
| Fee/Employment Review and Objections | 57.40 | $20,245.00 |
| Employee Benefits/Pension/Labor | 147.40 | $55,634.00 |
| Relief from Stay | 33.20 | $13,027.50 |
| Special Litigation & Investigatory Work | 45.90 | $19,946.00 |

18. The services rendered between the Petition Date and September 30, 2005 are detailed in the three prior interim applications attached hereto and, accordingly, will not be repeated herein.

B. Services Provided Between October 1, 2005 and the Effective Date

19. The services provided between October 1, 2005 and Effective Date (plus the additional time expended preparing this Final Application) are described below. These services related primarily to the negotiation, preparation and implementation of the Plan and the

---

[3] This chart includes the fees that were voluntarily reduced pursuant to the Second Interim Application.

related disclosure statement, as well as multiple hearings related to their approval and Committee meetings to review and approve various changes to the Plan. The following is a summary of W&S's requested fees by fee category during this period:

| *Fee Category* | *Total Hours* | *Total Fees* |
|---|---|---|
| Case Administration | 11.30 | $3,766.50 |
| Plan of Reorganization | 88.70 | $35,993.50 |
| Disclosure Statement | 28.60 | $11,154.00 |
| Avoidance Power Work/Other Litigation | 8.10 | $3,008.00 |
| Committee Meetings | 49.50 | $16,770.50 |
| Communication w/ Creditor's Committee and Creditors | 14.50 | $5,170.00 |
| Preparation of Employment/Allowance Applications | 77.50 | $22,026.00 |
| Acquisition/Divestiture/Asset Disposition | 12.30 | $5,027.50 |
| Claims Administration and Objections | 56.60 | $21,662.00 |
| Fee/Employment Review and Objections | 0.80 | $312.00 |

20.     The following Narrative Summary briefly describes each principal activity, and the tasks performed within each activity, and the results and status pertaining thereto during the period between October 1, 2005 and the Effective Date:

a.     Case Administration. Winston personnel monitored the dockets in the Debtors' cases and reviewed the various filings therein and attended to other matters pertaining to the general administration of the Debtors' bankruptcy cases.

b.     Winston incurred 11.30 hours providing legal services to the Committee in connection with this activity, and seeks final allowance of $3,766.50 in compensation for those legal services. The services related to Case Administration by attorney are summarized as follows:

| *Name* | *Time* | *Value* |
|---|---|---|
| Richard M. Adler | 2.40 | $1,068.00 |
| Stacy J. Flanigan | 7.70 | $2,212.50 |
| Daniel J. McGuire | 0.20 | $78.00 |
| David Neier | 0.40 | $168.00 |
| David W. Wirt | 0.60 | $240.00 |

7

CHI:1700971.2

c. <u>Plan of Reorganization</u>. Winston attorneys coordinated and negotiated with the Debtors regarding the form and the terms of the Plan of Liquidation. These negotiations were extensive and involved efforts to resolve concerns of the SEC and the United States Trustee, as well as typical issues such as classification of claims and mechanisms for administering the Debtors' estates post-confirmation, including resolution of various concerns of the Court regarding terms of employment of the Plan Administrator. Additionally, Winston reviewed and analyzed solicitation materials. Finally, Winston attorneys participated in the process of confirmation of the Plan and its implementation, including reviewing, analyzing and responding to objections to the Plan.

d. Winston incurred 88.70 hours providing legal services in connection with this activity, and seeks final allowance of $35,993.50 in compensation for those legal services. The services related to Plan of Reorganization by attorney are summarized as follows:

| *Name* | *Time* | *Value* |
|---|---:|---:|
| Richard M. Adler | 1.10 | $489.50 |
| Mindy D. Cohn | 11.60 | $4,234.00 |
| Stacy J. Flanigan | 0.40 | $110.00 |
| Daniel J. McGuire | 57.90 | $24,135.00 |
| Eric E. Sagerman | 0.20 | $120.00 |
| Paige D. Stepan | 0.50 | $105.00 |
| David W. Wirt | 17.00 | $6,800.00 |

e. <u>Disclosure Statement</u>. Winston attorneys reviewed and analyzed the terms and the form of the Disclosure Statement. Additionally, Winston attorneys coordinated and negotiated with the Debtors regarding the Disclosure Statement. Finally, Winston attorneys participated in the hearing approving the Disclosure Statement.

f. Winston incurred 28.60 hours providing legal services in connection with this activity, and seeks final allowance of $11,154.00 in compensation for those legal

8

**CHI:1700971.2**

services. The services related to Disclosure Statement by attorney are summarized as follows:

| Name | Time | Value |
|---|---|---|
| Daniel J. McGuire | 28.60 | $11,154.00 |

g. <u>Avoidance Power Work/Other Litigation</u>. Winston attorneys prepared for, attended, and participated in various court hearings and proceedings including, <u>inter</u> <u>alia</u>, the Omnibus, off-Omnibus and continued hearings held on December 12, 2005 and January 24, 2006. Winston attorneys reviewed all relevant pleadings in these cases, which were voluminous.

h. Winston incurred 8.10 hours providing legal services in connection with this activity, and seeks final allowance of $3,008.00 in compensation for those legal services. The services related to Avoidance Power Work/Other Litigation by attorney are summarized as follows:

| Name | Time | Value |
|---|---|---|
| Stacy J. Flanigan | 2.00 | $550.00 |
| Daniel J. McGuire | 4.50 | $1,818.00 |
| David W. Wirt | 1.60 | $640.00 |

i. <u>Committee Meetings</u>. Winston attorneys prepared for and participated telephonically and in-person in numerous committee meetings held during the period from October 1, 2005 through the Effective Date. Full Committee conference calls occurred on November 14, 2005 and January 12, 2006. In addition, Winston attorneys prepared detailed memorandum for the Committee on all matters set for hearings in these cases and provided recommendations to the Committee in consultation with the Committee's financial advisor. Winston attorneys also kept minutes of the Committee meetings.

9

j. Winston incurred 49.50 hours providing legal services in connection with this activity, and seeks final allowance of $16,770.50 in compensation for those legal services. The services related to Committee Meetings by attorney are summarized as follows:

| Name | Time | Value |
|---|---:|---:|
| Richard M. Adler | 11.10 | $4,939.50 |
| Stacy J. Flanigan | 28.40 | $7,905.00 |
| Daniel J. McGuire | 9.50 | $3,726.00 |
| David W. Wirt | 0.50 | $200.00 |

k. <u>Communication w/ Creditor's Committee and Creditors</u>. In addition to preparing and attending Committee meetings, Winston attorneys have also attended all hearings in these cases and provided comprehensive reports to the Committee on the results of such hearings. Winston attorneys have had extensive communications with members of the Committee and other creditors in these cases.

l. Winston incurred 14.50 hours providing legal services in connection with this activity, and seeks final allowance of $5,170.00 in compensation for those legal services. The services related to Communication with Creditor's Committee and Creditors by attorney are summarized as follows:

| Name | Time | Value |
|---|---:|---:|
| Richard M. Adler | 0.30 | $133.50 |
| Stacy J. Flanigan | 8.20 | $2,525.00 |
| Daniel J. McGuire | 6.00 | $2,511.50 |

m. <u>Preparation of Employment/Allowance Applications</u>. Winston attorneys prepared and filed the Third Interim Fee Application. Winston also aided Weiser in the preparation of its Third Interim Fee Application. In addition, Winston attorneys prepared the monthly fee statements submitted to this Court for Winston and for certain parties in

10

CHI:1700971.2

interest in accordance with the Interim Compensation Order. Finally, Winston prepared this Final Application.

n. Winston incurred 77.50 hours providing legal services in connection with this activity, and seeks final allowance of $22,026.00 in compensation for those legal services. The services related to Preparation of Employment/Allowance Applications by attorney are summarized as follows:

| Name | Time | Value |
|---|---:|---:|
| Richard M. Adler | 0.10 | $44.50 |
| Stacy J. Flanigan | 66.70 | $19,587.50 |
| Daniel J. McGuire | 1.40 | $581.00 |
| Paige D. Stepan | 9.30 | $1,813.00 |

o. Acquisition/Divesture. Winston attorneys attended to the reconciliation of adjustments under the Asset Purchase Agreement and reviewed, analyzed the Neos Circuit Rejection Motion and dealt with other post-closing items.

p. Winston incurred 12.30 hours providing legal services in connection with this activity, and seeks final allowance of $5,027.50 in compensation for those legal services. The services related to Acquisition/Divesture by attorney are summarized as follows:

| Name | Time | Value |
|---|---:|---:|
| Richard M. Adler | 5.50 | $2,447.50 |
| Stacy J. Flanigan | 0.90 | $247.50 |
| Daniel J. McGuire | 5.90 | $2,332.50 |

q. Claims Administration. Winston attorneys reviewed and analyzed claim objections and settlements. Winston attorneys evaluated settlements and reviewed and edited settlement agreements. This process included fact and legal research.

r. Winston incurred 56.60 hours providing legal services in connection with this activity, and seeks final allowance of $21,662.00 in compensation for those legal

11

services. The services related to Claims Administration by attorney are summarized as follows:

| Name | Time | Value |
|---|---:|---:|
| Richard M. Adler | 1.40 | $623.00 |
| Stacy J. Flanigan | 10.40 | $2,860.00 |
| Daniel J. McGuire | 44.80 | $18,179.00 |

s. <u>Fee/Employment Review and Objections</u>. Winston's attorney time in this category involved the review of other parties' employment applications, monthly fee statements and interim fee applications.

t. Winston incurred 0.80 hours providing legal services in connection with this activity, and seeks final allowance of $312.00 in compensation for those legal services. The services related to Fee/Employment Review and Objections by attorney are summarized as follows:

| Name | Time | Value |
|---|---:|---:|
| Daniel J. McGuire | 0.80 | $312.00 |

B. <u>Allowance of Expenses and Disbursements</u>

21. As authorized in the Retention Order and in accordance with the Interim Compensation Order, Winston charged the Committee for actual and necessary expenses and disbursements incurred in the rendering of its legal services. The expenses and disbursements for which Winston seeks allowance are those customarily charged to non-bankruptcy clients of Winston. The expenses and disbursements reflect the actual cost to Winston, and do not constitute "overhead." For the period from the Petition Date to September 30, 2005, Winston has provided description in the interim applications attached hereto. The expenses and

12

disbursements for which allowance is sought for the period from October 1, 2005 to the Effective Date are summarized as follows:

| *Description* | *Amount* |
|---|---|
| Attorney Dining Room | $40.00 |
| Computer Docket | $68.80 |
| Computerized Legal Research | $928.19 |
| Court Costs and Fees | $50.00 |
| Document Retrieval | $382.88 |
| Facsimile | $6.30 |
| Messenger | $50.00 |
| Overtime Transportation | $25.00 |
| Postage | $15.40 |
| Printing/Reproduction Services | $295.00 |
| Telecommunication Services | $165.78 |
| **Total** | **$2,027.35** |

A detailed description of the expenses and disbursements for which allowance is sought is included with the time entry descriptions for each of the matters detailed above.

        C.      Reasonableness of Fees, Charges and Disbursements

22. In accordance with the factors enumerated in 11 U.S.C. § 330, the amounts requested for compensation and expense reimbursement are fair and reasonable given (a) the complexity of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of Winston's services; and (e) the costs of comparable services other than in a case under this title.

23. In evaluating fee applications of professional persons under chapter 11 of the Bankruptcy Code, "[t]he baseline rule is for firms to receive their customary rates." Zolfo Cooper & Co. v. Sunbeam-Oster Co., Inc., 50 F.3d 253, 259 (3d Cir. 1995). Courts frequently look to the "lodestar" formula in assessing attorneys' fees. Under this approach, courts consider the number of hours of service reasonably devoted to a case multiplied by the attorneys' and paraprofessionals' reasonable rates. The resulting sum may be adjusted to reflect the

13

characteristics of the particular case and the reputation of the attorneys/paraprofessionals.  See, e.g., Laffey v. Northwest Airlines, Ltd., 572 F. Supp. 354, 361 (D. D.C. 1983), aff'd in part rev'd in part, 746 F.2d 4 (D.C. Cir. 1984), cert. denied, 472 U.S. 1021 (1985); In re Drexel Burnham Lambert Group, Inc. 133 B.R. 13, 22 (Bankr. S.D.N.Y. 1991).

24.   Winston has made every effort to minimize its costs while providing the highest quality of legal services to the Committee.  Winston maintained very lean staffing, typically no more than one partner and one associate for each task, and staffed meetings and hearings often with only one attorney.  Finally, where legal research was required, Winston assigned such work in the first instance to junior associate lawyers to avoid the higher billing rates of more senior lawyers.  All of these practices have resulted in significant savings for the Debtors' estates.  Reference is made to the invoices attached as Exhibits C-G, which provide more detailed information regarding Winston's staffing and fees.

25.   The reimbursement of expenses requested by Winston is for expenses normally billed to Winston's clients in other matters, including other bankruptcy cases.  None of these expense items consist of overhead expenses of Winston; these items are not included in Winston's hourly rates.

WHEREFORE, Winston requests that the Court enter an order allowing the compensation and reimbursement outlined in the Final Application:

a) Approving the Final Application Period compensation of $1,036,092.75 and expenses of $15,571.79; and

b) Granting such other and further relief as is deemed appropriate.

Dated: April 11, 2006  
       Chicago, Illinois

WINSTON & STRAWN LLP

By: /s/ Stacy J. Flanigan  
David W. Wirt (ARDC # 6208226)  
Daniel J. McGuire (ARDC # 6239526)  
Stacy J. Flanigan (ARDC # 6277752)  
**WINSTON & STRAWN LLP**  
35 West Wacker Drive  
Chicago, Illinois 60601  
Telephone: (312) 558-5600  
Facsimile: (312) 558-5700

COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF UNIVERSAL ACCESS GLOBAL HOLDINGS INC., et al.

**CHI:1700971.2**