UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | Case No. 04-B-28747 |
| ) | Jointly Administered |
| **UNIVERSAL ACCESS GLOBAL** ) | |
| **HOLDINGS INC., et al.,** ) | Chapter 11 |
| ) | |
| Debtors. ) | Honorable Judge Jack B. Schmetterer |
| ) | |

## NOTICE OF FILING

PLEASE TAKE NOTICE THAT on April 12, 2006, Duane Morris, LLP, on behalf of Bingham McCutchen LLP, Special Regulatory Counsel, filed with the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, Bingham McCutchen LLP's Monthly Fee Statement for Professional Services Rendered during the month of January 2006, a true and complete copy of which is hereby attached hereto and served upon the Notice Parties in accordance with the Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, entered on August 20, 2004.

Respectfully submitted,

By: /s/ Rosanne Ciambrone
   One of Their Attorneys

John Collen (A.R.D.C. #3127874)
Rosanne Ciambrone (A.R.D.C. #6199456)
Duane Morris LLP
227 West Monroe Street, Suite 3400
Chicago, Illinois 60606
Telephone: (312) 499.6700
Facsimile: (312) 499.6701

Dated: April 12, 2006

# CERTIFICATE OF SERVICE

I, Christine D. Johnson, hereby certify that on the 12th day of April 2006, I caused a copy of the attached Monthly Statement of Services Rendered during the month of January, to be served via First-Class mail, postage prepaid, to the notice parties as indicated thereon:

Universal Access Global Holdings Inc.
One Half Moon Isle
Jersey City, NJ 07305
Attention: Randall Lay

Duane Morris LLP
Counsel to the Debtors
227 West Monroe Street, Suite 3400
Chicago, Illinois 60606
Attention: John Collen

Office of the United States Trustee
227 West Monroe Street, Suite 300
Chicago, Illinois 60606
Attention: Stephen G. Wolfe

David Wirt
Winston & Strawn
35 West Wacker Drive
Chicago, Illinois 60601

Christine D. Johnson
Bingham McCutchen LLP
3000 K Street, N.W., Suite 300
Washington, D.C. 20007-5116

9286043v1

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>UNIVERSAL ACCESS GLOBAL<br>HOLDINGS INC., et al.,<br><br><br><br><br><br>Debtors. | Case No. 04-B 28747<br>Jointly Administered<br>Chapter 11<br>Honorable Jack B. Schmetterr<br><br>Hearing Date: May 19, 2006<br>Objection Deadline: May 16, 2006 |

THIRD AND FINAL APPLICATION OF
SWIDLER BERLIN LLP
FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES AS
SPECIAL REGULATORY COUNSEL
FOR THE PERIOD JANUARY 20, 2005 THROUGH JANUARY 27, 2006

TO:   THE HONORABLE JACK B. SCHMETTERR

Bingham McCutchen, LLP, as successor to Swidler Berlin LLP ("Swidler"),[1] as Special Regulatory Counsel to Universal Access Global Holdings, Inc. et al., the Debtor and Debtor-in-Possession herein ("Universal Access" or "Debtor"), hereby submits this Third and Final Application for Allowance of Compensation and Reimbursement of Expenses (the "Final Fee Application"), for the period of January 20, 2005 through January 27, 2006 (the "Application Period"), and seeks final approval and allowance of compensation for professional fees in the

---

[1] Effective March 1, 2006, subsequent to the effective date of the Plan in this case, Swidler Berlin LLP merged with Bingham McCutchen, LLP, and assigned all of its accounts receivable to the successor firm.

1

amount of $59,738.50 and reimbursement of expenses in the amount of $624.87, for final compensation of $60,363.37. In support thereof, Swidler states as follows:

## BACKGROUND

1. On August 4, 2004 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Since the petition date, the Debtors are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 11, 2004, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors.

3. The Debtors provided private telecommunications service to telecommunications intensive customers. A general case narrative was included in the Debtors' Motion for an Order Pursuant to 1015(B) of the Federal Rules of Bankruptcy Procedures Directing Joint Administrative of Related Chapter 11 Cases, filed herein on August 4, 2004.

4. The Debtors filed its Second Amended Plan Liquidating Chapter 11 Plan on December 2, 2005. On January 27, 2006, this Court entered an Order Confirming the Second Amended Plan Liquidating Chapter 11 Plan and on January 31, 2006 this Court entered a Judgment Order Confirming the Second Amended Liquidating Plan (the "Confirmation Order").

5. The Effective Date of the Plan occurred on January 27, 2006.

## RETENTION OF SWIDLER AND INTERIM COMPENSATION PROCEDURES

6. By application filed with this Court on January 28, 2005, the Debtor sought to retain Swidler as Special Regulatory Counsel pursuant to §327(e) of the Bankruptcy Code (the

"Retention Application"). On February 18, 2005, the Court entered an Order authorizing the retention and employment of Swidler nunc pro tunc to January 21, 2005 (the "Retention Order").

7. Swidler has a well-established relationship with the Debtors existing prior to the Petition Date and has represented the Debtors in regulatory matters since 2000. Swidler has been the Debtors' primary counsel in the United States on various FCC and state telecommunications regulatory and licensing matters.

8. The Debtors desired to retain Swidler to continue in its capacity as regulatory counsel to represent and advise them on requirements of the Federal Communications Commission ("FCC") and various state regulatory commissions, as well as to advise the Debtors on certain matters that have arisen or may arise in connection with the above-captioned Chapter 11 proceedings, including potential sales of the Debtors' assets.

9. This is Swidler's Third and Final Application for Compensation and Reimbursement of Expenses filed in these cases in accordance with the Court's August 20, 2004 Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professional (the "Interim Compensation Procedures Order"). Swidler filed its First Interim Application, for Compensation and Reimbursement of Expenses incurred from January 20, 2005 through May 28, 2005, with this Court on June 2, 2005. By Order entered on July 26, 2005, the Court granted Swidler's First Interim Application in the amount of $26,000.50 for actual, reasonable and necessary professional services rendered and $103.45 for actual, reasonable and necessary expense incurred. Swidler filed its Second Interim Application, for Compensation and Reimbursement of Expenses incurred from June 1, 2005 through September 30, 2005, with this Court on October 24, 2005. By Order entered on November 21, 2005, the Court granted Swidler's Second Interim Application in the amount of $31,492.50 for actual, reasonable and

necessary professional services rendered and $407.31 for actual, reasonable and necessary expense incurred. Exhibit A includes a summary of the monthly invoices and payments received by the Applicant.

8.      In accordance with the Interim Compensation Procedures Order, Swidler has also submitted monthly fee statements to the Debtors, filing a copy with the Court (Docket Entries 966 and 1013), and serving a copy upon counsel to the Official Committee Of Unsecured Creditors and the Office of the United States Trustee. On November 16, 2005, Swidler filed a monthly fee statement covering professional services provided and expenses incurred from October 1, 2005 through and including October 30, 2005. On December 12, 2005, Swidler filed a monthly fee statement covering professional services provided and expenses incurred from November 1, 2005 through and including November 30, 2005.[2] To date, Swidler has not received any payments on these statements. By this application, Swidler is requesting allowance and approval of amounts previously received and payment, to the extent not previously received, of compensation for services rendered and expenses incurred through January 27, 2006, the effective date of the second amended liquidating plan.

---

[2] Swidler did not provide any legal services to the Debtors after November 30, 2005, and therefore did not submit monthly fee statements for subsequent months.

## SWIDLER'S REPRESENTATION OF THE DEBTORS

10. Swidler's retention was specifically limited to any actions necessary to provide regulatory counsel to the Debtor. Among other regulatory matters, Swidler advised the Debtor on federal and state telecommunications regulatory requirements arising from a filing under the Bankruptcy Code; representing Debtors as needed before federal and state telecommunications regulatory agencies; advising Debtors on federal and state telecommunications regulatory issues involved with the sales of assets by Debtors, if required; and advising Debtors of various telecommunications regulatory requirements. Swidler advised the Debtors concerning the regulatory implications of the Asset Purchase Agreement and assisted in the negotiation of provisions of that Agreement relating to regulatory issues.

11. Attorneys within the Telecommunications and Media Technology Practice Group of Swidler's Washington, D.C. office performed services on behalf of the Debtors. The supervisory responsibility has been borne by Russell M. Blau, a Partner. Where appropriate, work has been delegated to senior- and junior-level associates. In addition, Swidler utilized paralegals to handle certain matters, where appropriate. Swidler's efforts to allocate specific areas of responsibilities and to utilize associates and paralegals resulted in efficient and lower cost services to the Debtor than would otherwise have been the case.

## SUMMARY OF SERVICES PERFORMED

12. During the Period covered by this application, Swidler has rendered 175.30 hours of professional legal services in the representation of the Debtors from January 20, 2005 through January 27, 2006. Based on the nature of the services rendered, the time required, the value of the services to the Debtors and their estates, and the cost of comparable services other

5

than in a case under the Bankruptcy Code, the compensation for these services should not be less than a total of $59,738.50. This total represents 175.30 hours of Swidler attorney and other professional time, at an average hourly rate of $340.78.

13. Swidler respectfully supplements the chronological narrative of the time spent, the dates and descriptions of services rendered by the professionals who worked on this engagement and the related disbursements incurred on behalf of the Debtors with the following narrative summary of the services rendered by Swidler during the Application Period: Swidler researched and provided analysis to the Debtors of the necessary regulatory approvals process and requirements for transfer of assets, conducted research concerning approval requirements to discontinue various Debtor services, on the federal and state level; research and analysis of state telecommunications statutes and state public utility commission approval requirements, as well as the timing and processing of applications for such approvals that apply to the bankruptcy and sale of assets of Debtors. Swidler assisted with the drafting, review, and necessary due diligence for providing an Opinion letter in conjunction with transfer and assignment transactions. Swidler also advised the Debtors regarding ongoing Federal and State regulatory compliance requirements arising out of the Debtors' continuing operation of their businesses under Chapter 11. Swidler's work also included the ongoing preparation of monthly fee statements and interim fee applications.

14. Detailed descriptions of the services performed by Swidler on a daily basis, including the amount of time devoted to such services and the professional performing the service are set forth in Exhibit B, attached hereto and incorporated herein by reference. Attached as Exhibit C is a summary of the total time expended by each professional along with the individual's position and hourly rate.

15. All services for which compensation is requested were performed for and on behalf of the Debtors and not on behalf of any other entity or party in interest.

16. In the course of representing the Debtors, as special regulatory counsel, Swidler provided the highest quality of legal services at the lowest cost possible. Swidler called upon attorneys with specialized experience with its practice for specific assistance in order to take advantage of Swidler's significant institutional knowledge of a wide range of federal and state telecommunications regulatory issues. Research and initial drafting was delegated to more junior attorneys, project attorneys, and paralegals with lower billing rates. In sum, Swidler made all efforts to avoid unnecessary costs and inefficiencies in representing Debtors and respectfully submits that it effectively provided high quality legal services as efficiently as possible.

## DISBURSEMENTS

17. It was Swidler's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It was Swidler's policy to charge its clients only the amount actually incurred by Swidler in connection with such items. Examples of such expenses include photocopying and printing, certain long distances telephone charges, overnight mail and messenger charges, overtime expenses and computer-assisted legal research. Swidler expended a total of $624.87 for reasonable and necessary expenses in connection with its representation of the Debtors from January 20, 2005 through January 27, 2006. Exhibit D, attached hereto and incorporated herein by reference, contains a summary of the expenses incurred by type.

18. The actual and necessary costs and expenses for which Swidler seeks reimbursement include, *inter alia*, the following:

7

a. **Photocopying and Printing** -- It was the firm's practice to charge all clients of the Firm for duplicating at the in-house rate of 20¢ per page. This charge includes the cost of maintaining the duplicating facilities and the actual cost involved with respect to the duplication.

b. **Long Distance Telephone and Facsimile** -- Swidler charged clients for long distance telephone calls but not for local telephone calls.

c. **Messenger and Courier Service** -- It was Swidler's practice to use Federal Express or similar express mail delivery and third-party messenger services only in exigent circumstances (*i.e.*, when needed to meet a deadline or when a next-day response from the recipient was necessary or beneficial to the Debtor's estate) and only when less costly than other available alternatives.

d. **U.S. Mail Postage** -- Swidler charged clients for outgoing first class mail packages forwarded to Debtors for the dissemination of information and in conjunction with filings submitted to state and/or federal agencies on behalf of the Debtor.

e. **Computerized Legal Research** -- It was Swidler's practice to use computer-assisted legal research such as Westlaw, Lexis and PACER, when time pressure made it impracticable to conduct such research manually. It was also Swidler's practice to use computer-assisted research to assist its clients and to reduce the amount of time spent by attorneys and paraprofessionals in manual research when it was anticipated that the resulting manual research would have resulted in greater cost to the client.

## DISCLOSURES

19.     There is no agreement or understanding between Swidler and any other person, other than the members, associates, and employees of Swidler, for the sharing of compensation received or to be received for services rendered in connection with this proceeding, except that fees will be shared with other partners of Swidler as permitted by Bankruptcy Rule 2016(b) and section 504 to the Bankruptcy Code.

## NOTICE

20.     Notice of this Application has been given in accordance with the Interim Compensation Order. Swidler submits that such notice is adequate and sufficient.

## CERTIFICATION

21.     Exhibit E, attached hereto and incorporated herein by reference, contains a certification that the facts set forth in this Application are true and correct and that the Application complies with the Local Rules.

WHEREFORE, for all these reasons, Bingham McCutchen, LLP, as successor in interest to Swidler Berlin LLP, special regulatory counsel to the debtors and debtors-in-possession, respectfully requests that the Court enter its Order, included herein as Exhibit F, approving its Third and Final Fee and Expense Application, (i) allowing and approving final compensation in the amount of $57,738.50 for professional services rendered from January 20, 2005 to January 27, 2006 (ii) allowing and approving reimbursement of expenses incurred in the amount of $624.87 from January 20, 2005 to January 27, 2006; (iii) authorizing and directing the Debtors to pay the outstanding fees and expenses not previously paid, in the amount of $2,359.61 and (iv) granting such other relief as this Court deems just and proper.

Dated: April 12, 2006

          Respectfully submitted,

          BINGHAM McCUTCHEN LLP

          By:   /s/ Russell M. Blau

                Russell M. Blau, Esq.

                3000 K Street, N.W., Suite 300
                Washington, D.C.  20007-5116

          DUANE MORRIS LLP

          By:   /s/ Rosanne Ciambrone
                One of Their Attorneys

                John Collen (A.R.D.C. #3127874)
                Rosanne Ciambrone (A.R.D.C. #6199456)

                227 West Monroe Street, Suite 3400
                Chicago, Illinois  60606