**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UAI, INC., f/k/a UNIVERSAL ACCESS | ) | Case No. 04 B 28747 |
| INC., *et al.,* | ) | |
| | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | Hearing Date:  August 19, 2010 |
| | ) | Hearing Time:  10:00 a.m. |
| _____) | | Response Deadline:  August 12, 2010 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on **August 19, 2010 at 10:00 a.m**. (prevailing Central time) or as soon thereafter as we may be heard, we shall appear before the Honorable Jack B. Schmetterer, in Courtroom 682 located at the Everett McKinley Dirksen Courthouse, 219 South Dearborn Street, Chicago, Illinois, or shall appear before any Judge sitting in his place and stead and shall then and there present the **MOTION BY PLAN ADMINISTRATOR FOR ENTRY OF A FINAL DECREE AND TO AUTHORIZE PAYMENTS OVER $5,000, INCLUDING FINAL CASH AND STOCK DISTRIBUTION TO CLASS 2 CREDITORS**, a true and correct copy of which is attached hereto and hereby served upon you.

**Dated:  July 7, 2010**               **Respectfully submitted,**

                                   /s/ Daniel J. McGuire
                                   Daniel J. McGuire (ARDC #6239526)
                                   WINSTON & STRAWN LLP
                                   35 West Wacker Drive
                                   Chicago, Illinois  60601
                                   Telephone:  (312) 558-5600
                                   Facsimile:  (312)  558-5700

                                   *Counsel for the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UAI, INC., f/k/a UNIVERSAL ACCESS INC., *et al.*, | ) ) ) | Case No. 04 B 28747 |
| | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | Hearing Date: August 19, 2010 |
| | ) | Hearing Time: 10:00 a.m. |
| _____ | ) | Response Deadline: August 12, 2010 |

**MOTION BY PLAN ADMINISTRATOR FOR ENTRY OF A FINAL**
**DECREE AND TO AUTHORIZE PAYMENTS OVER $5,000, INCLUDING**
**FINAL CASH AND STOCK DISTRIBUTION TO CLASS 2 CREDITORS**

Clear Thinking Group LLC, as Plan Administrator (the "Plan Administrator") of the *Second Amended Liquidating Chapter 11 Plan Jointly Proposed By Universal Access Global Holdings, Inc., Universal Access, Inc., Universal Access of Virginia, Inc., Universal Access Communications Inc. and Tri-Quad Enterprises, Inc., Debtors-In-Possession, And By the Official Committee of Unsecured Creditors* (the "Plan")[1], hereby moves (the "Motion") the Court, (a) pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Section 5.4 of the Plan for the entry of an order authorizing the Plan Administrator to make final distributions in excess of $5,000, consisting entirely of a final cash distribution to Class 2 Creditors in an aggregate amount of not less than 4% of such creditors' claims and a final stock distribution of Reorganized UAGH Stock to Class 2 Creditors in an aggregate amount of 400,000 shares and (b) pursuant to sections 105(a) and 350(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3022 for entry of a final decree

---

[1] Each capitalized term used in this Motion, unless otherwise defined herein, shall have the meaning ascribed to each such term in the Plan.

closing the chapter 11 cases of the Debtors[2]. In support hereof, the Plan Administrator respectfully represents as follows:

## Background

1. On August 4, 2004, the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. Substantially all of the Debtors' assets were sold to Vanco Direct USA, Inc. pursuant to this Court's May 20, 2005 *Order Pursuant To Sections 105, 363 And 365 Of The Bankruptcy Code and Rules 2002, 6004, 6006 And 9014 Of The Federal Rules of Bankruptcy Procedure, Approving (i) the Sale Of Debtors' Assets, Free And Clear of Liens, Claims, Encumbrances And Interests, And (ii) The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases To The Successful Bidder For The Assets* (Docket No. 651) and the related asset purchase agreement attached thereto.

3. On or about January 27, 2006, the Court appointed Clear Thinking Group LLC as the Plan Administrator, *nunc pro tunc* to January 16, 2006 (Docket No. 1167).

4. On January 31, 2006, the Court entered the Judgment Order Confirming the Plan (Docket No. 1176). The Effective Date of the Plan was February 11, 2006.

5. On August 16, 2006, the Court entered the Order Approving Sale of Reorganized UAGH Stock (Docket No. 1351, the "Stock Sale Order").

6. On or about August 18, 2006, the Plan Administrator made an initial distribution to creditors, including a 60% cash distribution and 10% stock distribution of Reorganized UAGH

---

[2] The original debtors were Universal Access Global Holdings Inc., Universal Access, Inc., Tri-Quad Enterprises, Inc., Universal Access Communications Inc., and Universal Access of Virginia, Inc. (collectively, the "Debtors").

Stock to holders of allowed general unsecured claims (Class 2), pursuant to the terms of the Plan and the Stock Sale Order.

7. On or about January 31, 2007, the Plan Administrator made a second distribution to holders of allowed general unsecured claims (Class 2) of 10%, bringing the total distributions to date to general unsecured creditors to 70%.

8. On or about October 7, 2008, the Plan Administrator made a third cash distribution to holders of allowed general unsecured claims (Class 2) of 7%, bringing the total cash distributions to date to general unsecured creditors to 77%.

9. On or about November 17, 2009, the Plan Administrator made a fourth cash distribution to holders of allowed general unsecured claims (Class 2) of 5%, bringing the total cash distributions to date to general unsecured creditors to 82%.

10. The Plan Administrator currently holds approximately $1 million in cash and is in the final stages of winding up UAI, Inc.'s affairs.

11. The Plan Administrator has determined that the final winding up of this case should be completed by year's end and has further determined that a final cash distribution in the aggregate amount of not less than an additional 4%[3] and a final distribution of Reorganized UAGH Stock in the aggregate amount of 400,000 shares should be made to general unsecured creditors (i.e., Class 2 Creditors). This distribution will result in total cash distributions to Class 2 Creditors of not less than 86%, plus the value, if any, of the distributed stock.

**Relief Requested**

12. By this Motion, the Plan Administrator seeks approval to make payments in excess of $5,000 to Class 2 Creditors in connection with the final cash and stock distribution in

---

[3] The details of the proposed cash distribution will be filed with the Court not less than 5 business days prior to the hearing on the Motion.

CHI:2300116.5         3

these cases. In addition, the Plan Administrator respectfully requests that the Court close the Debtors' chapter 11 cases, as the issues related to winding up the Debtors' domestic affairs relate only to ministerial tasks and all matters pertaining to the dissolution of the Debtor's foreign affiliates should be resolved by the end of 2010. Accordingly, the Plan Administrator believes it is now appropriate to make a final distribution to Class 2 Claimants and close these cases.

## Basis for Relief

**A.    Final Distribution**

13.    Upon the Effective Date of the Plan, the Plan Administrator was vested with sole authority to manage and govern UAI, Inc., which authority includes "making Distributions and paying expenses of administering the Plan" (*Plan,* § 5.3).

14.    With few exceptions, the Plan authorizes the Plan Administrator to act on behalf of UAI "without any limitation or restriction by, and without any requirement to comply with, the Bankruptcy Code, Bankruptcy Rules or Guidelines of the Office of the United States Trustee." (*Plan,* § 5.3).

15.    One qualifier to the Plan Administrator's broad authority is found in Section 5.4 of the Plan, which requires that "[a]ll expenditures and/or distributions of Available Funds from the Distribution Account in excess of $5,000 shall require two signatures and approval of the Court." (*Plan,* §5.4).

16.    To effectuate this provision of the Plan, on January 27, 2006 the Court entered its *Order Directing Financial Institutions To Disburse Funds Only In Accordance With The Plan* (Docket No. 1168), which requires all financial institutions at which the Plan Administrator holds funds of UAI to honor expenditures only insofar as they are in compliance with Section 5.4.

17. This requirement of Court approval for expenditures over $5,000 was added at the instruction of the Court to add an extra layer of protection (in addition to the surety bond requirement in Section 5.3 of the Plan) against the highly remote possibility that the Plan Administrator would make an improper distribution in derogation of its duty to UAI's creditors. It was not intended as a provision requiring the Plan Administrator to provide a detailed demonstration of the appropriateness of every distribution over $5,000; it is merely a safeguard against fraud, defalcation, or other misconduct.

18. Reorganized UAGH Stock may be distributed Pro-Rata to holders of Class 2 Allowed Claims after the allowability and amount of Class 2 Claims is finally determined (*Plan,* § 3.2.2). As such allowability and amount issues have long since been determined, the Plan Administrator sees no reason to not remit the remainder of the Reorganized UAGH Stock to Class 2 Creditors holding allowed claims.

19. The proposed payments and stock distributions will be made to Class 2 Creditors holding allowed claims. None of these payments is being made to an insider or affiliate of the Plan Administrator. Accordingly, the proposed payments and stock distributions to Class 2 Creditors at a final distribution should all be approved.

**B.     Final Decree**

20. Bankruptcy Code Section 350(a) provides that the court shall close a case after the estate is fully administered and the court has discharged the trustee. 11 U.S.C. § 350(a). Bankruptcy Rule 3002, which provides the procedural guidelines for closing a chapter 11 case, provides that "[a]fter an estate is fully administered … the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Further, Bankruptcy Code

section 105 provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the title."

21. Factors that the Court should consider in determining whether an estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business of the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved. See generally Collier Bankruptcy Manual, 3d ed. rev., part § 350.02[2].

22. Whether or not there is a possibility that the court's jurisdiction may be invoked in the future is not a basis to keep a case open, as a final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to 11 U.S.C. § 350 (a). See Id.

23. The Confirmation Order was entered by the Court on January 31, 2006. No appeals have been filed. Therefore, the Confirmation Order became final years ago on February 11, 2006. See Fed. R. Bankr. P. 8002(a).

24. The Plan Administrator, upon making the final distribution requested herein, shall have distributed all of the funds and stock transferred to the Plan Administrator at confirmation to holders Class 2 Creditors that are required to be made pursuant to the terms of the Plan and has otherwise concluded all other material administrative matters pertaining to the Debtors'

estates. The remaining tasks are largely ministerial in nature, and should not require any involvement of the Court.

25. **THE CLOSING OF THESE CASES WOULD BE WITHOUT PREJUDICE TO THE RIGHT OF ANY PARTY IN INTEREST TO SEEK TO REOPEN THESE CASES. SHOULD ANY CREDITOR OR THE PLAN ADMINISTRATOR DETERMINE THAT FURTHER INVOLVEMENT OF THIS COURT IS REQUIRED OR DESIRABLE THEN A MOTION TO REOPEN THESE CASES MAY BE FILED WITH THE COURT AT ANY TIME IN THE FUTURE.**

## NOTICE

26. This motion will be served upon all creditors via first class mail more than 30 days prior to the proposed hearing date.

WHEREFORE, the Plan Administrator requests that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u> (i) authorizing the Plan Administrator to make payments in excess of $5,000 in connection with the final cash and stock distributions, (ii) authorizing Wells Fargo Bank, N.A. to honor such payments, (iii) entering the final decree and (iv) granting such other and further relief as is just and proper.

Dated: July 7, 2010 Respectfully submitted,

      /s/ Daniel J. McGuire
Daniel J. McGuire (ARDC #6239526)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Counsel for the Plan Administrator*